Matter of Antoine L. v Virginie F. (2023 NY Slip Op 00235)

Matter of Antoine L. v Virginie F.

2023 NY Slip Op 00235

Decided on January 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 19, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. V-3190-92/21 V-1977-79/21 Appeal No. 17124-17125 Case No. 2022-00445 2022-03500 

[*1]In the Matter of Antoine L., Petitioner-Appellant,
v
Virginie F., Respondent-Respondent. 

Newman Law Group P.C., New York (Louis I. Newman of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich, LLP, New York (Joseph F. De Simone of counsel), for respondent.

Order, Family Court, New York County (Lyle E. Frank, J.), entered on or about January 25, 2022, which, to the extent appealed from, awarded respondent mother $75,000 in interim counsel fees, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about April 26, 2022, which, to the extent appealed from, directed entry of a money judgment against petitioner father in the amount of $75,000, unanimously dismissed, without costs, as academic.
The court providently exercised its discretion in awarding the mother interim counsel fees (see Domestic Relations Law § 237[b]; Matter of Balber v Zealand, 169 AD3d 500, 500-501 [1st Dept 2019]). Contrary to the father's contention, the mother's failure to include with her counsel fee application a statement of net worth in the prescribed form (see 22 NYCRR 202.16[k][2]) did not mandate denial of the application as a matter of law. Although 22 NYCRR 202.16(k)(2) provides that a motion for counsel fees shall not be heard "unless the moving papers include a statement of net worth in the official form prescribed by subdivision (b) of this section," subdivision (b) states that statements of net worth need only be in "substantial compliance" with the prescribed form (22 NYCRR 202.16[b]). The financial disclosure affidavit submitted by the mother substantially complied with the official form.
The father's contention that the mother's failure to submit pertinent information precluded the court from accurately assessing the parties' financial disparity in awarding counsel fees is unavailing, especially in view of Family Court's finding that the financial information provided was "undisputed" and "sufficient" for the court to render a decision. Further, the father has not pointed to any additional information that would have been necessary for the court to make an informed ruling on the mother's application.
In view of the foregoing, the father's appeal from the order directing entry of a money judgment is dismissed as academic.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2023